19851

Larry CREEL, Appellant, v. STATE of South Carolina, Respondent.
(206 S. E. (2d) 825)

*Howard B. Hammer, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair, Robert M. Ariail,* and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

560

July 5, 1974.

*Per Curiam:*

We are convinced that the order of the circuit court, as reported herewith, correctly disposes of the issues raised by the appellant, referred to as the applicant below. The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

## ORDER OF JUDGE ROSEN

This matter comes before the Court by way of Application for Post Conviction Relief dated March 28, 1973, and a Petition for Writ of Habeas Corpus dated February 25, 1972. The Respondent filed Return dated February 6, 1973, seeking summary dismissal pursuant to Section 17-606, Code of Laws of South Carolina, 1962, as amended. This Court by Order dated February 24, 1973 dismissed the Petition for Writ of Habeas Corpus and gave the Applicant fifteen (15) days to show cause why the Order should not become final. Thereafter, the Amended Application for Post Conviction Relief was filed on March 28, 1973, by his retained counsel, Howard Hammer, Esq., of the Richland County Bar. The matter was called for hearing on June 29, 1973, at the Dorchester County Courthouse. At the hearing, the Applicant testified in his own behalf and introduced affidavits from officials at the South Carolina Department of Corrections. The Respondent called Fred Henderson Moore, Esq., his trial counsel, to testify for the State.

The Court has before it the records of the Office of the Clerk of Court for Dorchester County, the Department of Corrections, and the transcript of the proceedings at the

time the Applicant entered his plea of guilty. It appears that the Applicant is presently confined at Manning Correctional Institution pursuant to orders of commitment of the Clerk of Court for Dorchester County, South Carolina. The Applicant was indicted at the February 1971, term of the Court of General Sessions for Dorchester County on a charge of murder. He was represented at those proceedings by Fred Henderson Moore, Esq., of the Charleston County Bar. On November 9, 1971, the Applicant entered a plea of guilty to voluntary manslaughter and was sentenced by the Honorable Dan F. Laney, Jr., Presiding Judge, to confinement for a period of fifteen (15) years.

The allegations raised in his original Petition for Writ of Habeas Corpus were disposed of in this Court's Order of February 24, 1973, and that Order is hereby reaffirmed. In the subsequent Amended Application, he raises the following grounds:

(1) The Court erred in sentencing the Applicant to imprisonment for fifteen (15) years when the guilty plea signed by the Applicant stated that he was pleading guilty to involuntary manslaughter which carries a maximum sentence of three (3) years;

(2) The Court erred in failing to make a determination that the Applicant would not derive benefit from treatment under the Youthful Offender Act and further erred in failing to sentence the Applicant under the provisions of the Youthful Offender Act.

The first allegation the Court finds to be without merit. The guilty plea which the Applicant signed does cause some confusion. Although on the blank space is filled in "Voluntary Manslaughter" with a capital "V", it appears that subsequently or at some point "In" was inserted in front of the "Voluntary." This was picked up on the forwarding to the Department of Corrections and the records of the Department of Corrections reflect that he was convicted of involuntary manslaughter with a sentence

of fifteen (15) years. The transcript of the proceedings at the time the Applicant entered his plea clearly refutes any contention concerning involuntary manslaughter. His attorney stated that he desired to enter a plea of guilty to manslaughter and the Court stated "Manslaughter—voluntary manslaughter? Will The State accept that plea?" The State replied "Yes." The Court thereafter asked the Applicant whether what he wanted was to enter a plea to voluntary manslaughter and the Applicant replied "Yes." The Court further stated that the maximum punishment is anywhere from two to thirty years and he stated that he understood that. The testimony of his attorney at the hearing was to the effect that he advised the Applicant concerning the negotiations that he had with the State prior to the time the case was called. He stated that the State had told him that they would not accept anything less than fifteen (15) years for voluntary manslaughter. That was clearly conveyed to the Applicant and he made his decision to enter a plea. The Court finds that there is no merit to the Applicant's contention. He entered a plea of guilty voluntarily and intelligently to voluntary manslaughter and received a sentence of fifteen (15) years.

The testimony of his trial attorney was that he informed the Applicant that the State would not accept a plea to involuntary manslaughter but would accept only voluntary manslaughter with no less than fifteen (15) years. He declared that he had made no promise to the Applicant that he would receive a sentence of three (3) years, and that he was, in fact, prepared for trial. They had determined that the Applicant would plead not guilty and go to trial by jury. Upon the call of the case the Applicant informed the attorney that he wanted to change his plea to guilty. The Attorney further testified that prior to trial he had been informed that the Judge, because of the gravity of the offense and the nature of the offense, would not accept the possibility of sentencing the Applicant under the provisions of Youthful Offender Act. The attorney testified that he

wanted to proceed to trial but the Applicant did not. The Court finds that the plea entered by the Applicant was a voluntary and intelligent plea made with full understanding of the nature of the offense, and the consequences which would flow from his actions. The decision was a free and voluntary one made by the Applicant himself after advice of competent counsel.

The only other allegation is that the Court failed to make a determination that the Applicant would not derive benefit from treatment under the Youthful Offender Act and failed to sentence the Applicant under the provisions of the Youthful Offender Act.

The South Carolina Supreme Court in *Ballard v. State*, 258 S. C. 91, 187 S. E. (2d) 224, held that the Youthful Offender Act as enacted in this State did not require that the trial judge place in the record specific factual findings as to why a defendant would not be suitable for sentencing under the Youthful Offender Act. The issue therefore presented to this Court for decision is whether or not it can be assumed, absent any reference in the record, that the trial judge made a finding in his own mind that the defendant was not suitable for sentencing under the Youthful Offender Act when there had been no request for sentencing pursuant to that Act. Subsection (d) of Section 55-392, Code of Laws of South Carolina, 1962, as amended, defines "youthful offender" as follows:

"Youthful Offender" means all male and female offenders who are seventeen but less than twenty-five years of age at the time of conviction.

Section 55-395, Code of Laws of South Carolina, 1962, as amended, sets out the various alternatives available to the sentencing judge when a "youthful offender" has been convicted. It is this Court's conclusion that when a defendant between the ages of seventeen and twenty-five is convicted he is before the Court for sentencing under the Youthful Offender Act. He must be sentenced in

accordance with Section 55-395 of that Act and cannot be sentenced in any other fashion. Therefore, he must be sentenced under one of the subsections of Section 55-395 of that Act. The trial judge has complete discretion to determine which subsection of Section 55-395 is the proper sentence for the convicted youthful offender. In this particular case, it is evident that Judge Laney sentenced the Applicant under subsection (d) of Section 55-395. The Applicant's age was known to the Court and his absence of a prior record was known to the Court at the time of sentencing. The Court stated "I am going to take that into consideration. The fact that he had no record, that he is twenty-one years of age, but I am still going to have to give him something commensurate with the crime that he committed."

The absence of a request by defense counsel for sentencing pursuant to the Youthful Offender Act has no effect upon the validity of that sentence. A person between the ages of seventeen and twenty-five is, by definition, a youthful offender and must be sentenced pursuant to that Act. The trial judge must sentence the youthful offender under one of the subsections of Section 55-395. He has no discretion in that matter. Therefore, whether the defense counsel requests sentencing under the Youthful Offender Act or not, the trial judge must consider the various alternatives of Section 55-395 because the defendant is a youthful offender. Therefore, the absence of a request for sentencing under the Youthful Offender Act by defense counsel has no effect upon the validity of the defendant's sentence because the statute requires that he be considered as a youthful offender by the trial judge.

This Court finds all of the allegations of the Applicant to be without merit.