**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4626

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GUILLERMO CARILLO-PINEDA, a/k/a Martin
Carillo-Cuevas,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-03-227-MU)

Submitted:  March 30, 2007                 Decided:  July 17, 2007

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harold Cogdell, Jr., LAW OFFICES OF HAROLD COGDELL, JR., P.C., Charlotte, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, C. Nicks Williams, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Guillermo Carillo-Pineda pled guilty to illegal reentry by a previously deported alien, in violation of 8 U.S.C. § 1326(b) (2000), and was sentenced to forty-one months in prison. Carillo-Pineda now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one claim but stating that there are no meritorious grounds for appeal. Carillo-Pineda was advised of his right to file a pro se supplemental brief, but did not file such a brief. We affirm.

Carillo-Pineda's guilty plea was knowingly and voluntarily entered. Further, the record discloses compliance with Fed. R. Crim. P. 11. There was a factual basis for the plea, and Carillo-Pineda readily admitted his guilt. We therefore affirm the conviction.

Carillo-Pineda's probation officer assigned a base offense level of 8, see U.S. Sentencing Guidelines Manual § 2L1.1 (2003). Sixteen levels were added because Carillo-Pineda was deported after a conviction of a crime of violence. See USSG § 2L1.2(b)(1)(A)(ii). Three levels were subtracted for acceptance of responsibility. See USSG § 3E1.1. His total offense level was 21, his criminal history category was II, and his advisory guideline range was 41-51 months. The district court sentenced him to forty-one months in prison.

Carillo-Pineda contends for the first time on appeal that his prior conviction in Texas for retaliation does not constitute a crime of violence as contemplated by USSG § 2L1.2(b)(1)(A)(ii). Because he did not raise this claim below, our review is for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). To establish plain error, Carillo-Pineda must show that an error occurred, that it was plain, and that it affected his substantial rights. If Carillo-Pineda establishes plain error, we may recognize it or not, in our discretion. See id. at 732.

To determine if a crime is a crime of violence, a court generally looks only to the fact of the conviction and the statutory definition of the offense. Taylor v. United States, 495 U.S. 575, 602 (1990). In cases where a predicate felony might be committed with or without the use, attempted use, or threatened use of force, a court must look to various approved sources to determine if the prior offense qualifies for an enhancement. Shepard v. United States, 544 U.S. 12, 20 (2005).[1]

---

[1]Because there are no cases from this circuit addressing "crime of violence" under USSG § 2L1.2(b)(1)(A)(ii), we refer to cases interpreting the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2000), which provides for a sentencing enhancement for a prior conviction that was a "violent felony." "Violent felony" under the ACCA and "crime of violence" under § 2L1.2(b)(1)(A)(ii) include certain specific crimes as well as any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I); USSG § 2L1.2 cmt. n.1(B)(iii).

In Texas, retaliation does not necessarily involve the use of force against the person,[2] and the district court therefore had to look beyond the fact of conviction and the relevant statute to decide if the enhancement was warranted. The district court applied the enhancement based on the description of the offense in the presentence report. That description appears to have been taken from a police report, a non-approved <u>Shepard</u> source. We decline to recognize this error, however, because Carillo-Pineda "cannot show prejudice from a finding of fact, made in contravention of the Sixth Amendment, . . . [that] would nevertheless have been found by the court in the absence of the error." See <u>United States v. Allen</u>, 446 F.3d 522, 531 (4th Cir. 2006). Had the district court relied on the indictment--an approved <u>Shepard</u> source--it would have found that the retaliation conviction constituted a crime of violence justifying the enhancement under USSG § 2L1.2(b)(1)(A)(ii).[3]

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of

---

[2]<u>See</u> Tex. Penal Code Ann. § 36.06.

[3]The indictment charged that Carillo-Pineda "did . . . intentionally and knowingly harm or threaten to harm Concepcion Rodriguez by an unlawful act, to wit: killing Concepcion Rodriguez, in retaliation for or on account of . . . [her status] as a person who reported a crime."

the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED