673 S.E.2d 418

**Larry Tucker GAY, Jr., Appellant,**

v.

**Robert M. ARIAIL, in his official capacity as Solicitor, Thirteenth Judicial Circuit, and the South Carolina Law Enforcement Division, Respondents.**

No. 26592.

Supreme Court of South Carolina.

Heard Dec. 2, 2008.

Decided Feb. 9, 2009.

Jon Rene Josey, of Turner, Padget, Graham & Laney, of Florence, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh and Assistant Attorney General David Spencer, of Columbia, for Respondent.

Justice WALLER.

Appellant, Larry Tucker Gay appeals an order of the circuit court finding him ineligible to apply for expungement of his criminal record. We reverse.

## FACTS

In 1990, when he was twenty-two years old, Gay pled guilty to assault and battery of a high and aggravated nature (ABHAN). He received a ten-year sentence, suspended on five years probation. Sixteen years later, in June 2006, Gay sought to have the record of that conviction expunged. The circuit court held that because Gay was sentenced as an adult, he was ineligible for expungement under S.C.Code Ann. § 22–5–920(2007).

## ISSUE

Did the court err in ruling Gay was ineligible for expungement?

## DISCUSSION

S.C.Code Ann. § 22–5–920(B) permits a defendant who was convicted as a youthful offender to apply for an expungement, stating, in part:

Following **a first offense conviction as a youthful offender,** the defendant after fifteen years from the date of the conviction may apply, or cause someone acting on his behalf to apply, to the circuit court for an order expunging the records of the arrest and conviction. However, this section does not apply to an offense involving ... to an offense

classified as a violent crime in Section 16–1–60,[1] .... If the defendant has had no other conviction during the fifteen year period following the first offense conviction as a youthful offender, the circuit court may issue an order expunging the records....

(Emphasis supplied). S.C.Code Ann. § 24–19–10 defines "youthful offender" as follows:

d) "Youthful offender" means an offender who is:

(ii) **seventeen but less than twenty five years of age at the time of conviction for an offense that is not a violent crime,** as defined in Section 16–1–60, and that is a misdemeanor....

(f) "Conviction" means a judgment in a verdict or finding of guilty, **plea of guilty,** or plea of *nolo contendere* to a criminal charge where the imprisonment is at least one year, but excluding all offenses in which the maximum punishment provided by law is death or life imprisonment. (Emphasis supplied).

Gay contends he was a "youthful offender" at the time of his plea in 1990, such that SLED and the circuit court erred in ruling he was ineligible to be considered for expungement. The state contends that because Gay was sentenced as an adult, he is ineligible for expungement under S.C.Code Ann. § 22–5–920(B). We disagree. Under the clear and unambiguous terms of the statute, Gay was convicted as a "youthful offender" and was therefore entitled to have his application for expungement considered.[2]

In interpreting statutes, the Court looks to the plain meaning of the statute and the intent of the Legislature. *State v. Dingle,* 376 S.C. 643, 659 S.E.2d 101(2008). All rules of statutory construction are subservient to the maxim that legislative intent must prevail if it can be reasonably discovered in the language used. *State v. Pittman,* 373 S.C. 527, 647

---

**1.** ABHAN is not listed as a violent crime in § 16–1–60. *See State v. Rogers,* 338 S.C. 435, 527 S.E.2d 101 (2000). ABHAN is a common law misdemeanor punishable by up to ten years in prison. *Morris v. State,* 371 S.C. 278, 639 S.E.2d 53 (2006).

**2.** The mere fact that Gay is entitled to have his application considered does not mean expungement necessarily follows; Gay concedes expungement is a privilege and not a right.

S.E.2d 144 (2007), *cert. denied* —— U.S. ——, 128 S.Ct. 1872, 170 L.Ed.2d 751 (2008). A statute's language must be construed in light of the intended purpose of the statute. If possible, legislative intent should be found in the plain language of the statute itself. If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the Court has no right to impose another meaning. *State v. Gaines,* 380 S.C. 23, 667 S.E.2d 728 (2008).

Here, the statutes permit a "youthful offender," i.e., one who is seventeen but less than twenty five years of age at the time of conviction, who has "pled guilty" to an offense which is not a violent crime, and which was both a first offense and a misdemeanor, to apply for an order expunging the records of the arrest and conviction. S.C.Code Ann. § 24–19–10 and § 22–5–920(B). Gay meets these requirements.

S.C.Code Ann. § 24–19–50 is entitled "Powers of courts upon conviction of youthful offenders." It provides as follows:

In the event of a **conviction** of a youthful offender the court may:

(1) suspend the sentence and place the youthful offender on probation;

(2) release the youthful offender to the custody of the division before sentencing for an observation and evaluation period of not more than sixty days. The observation and evaluation must be conducted by the Reception and Evaluation Center operating under joint agreement between the Department of Vocational Rehabilitation and the Department of Corrections and the findings and recommendations for sentencing must be returned with the youthful offender to the court for sentencing;

(3) if the offender is under the age of twenty one, without his consent, sentence the youthful offender indefinitely to the custody of the department for treatment and supervision pursuant to this chapter until discharged by the division, the period of custody not to exceed six years. If the offender is twenty one years of age but less than twenty five years of age, he may be sentenced in accordance with this item if he consents in writing;

(4) if the court finds that the **youthful offender** will not derive benefit from treatment, may sentence the youthful offender under any other applicable penalty provision. The youthful offender must be placed in the custody of the department;

(5) not sentence a youthful offender more than once under this chapter.

(emphasis supplied). The clear import of the above statute is that a person who meets the definition of "youthful offender" is "convicted" regardless of the manner of sentencing, and is eligible to apply for expungement if the requirements of § 22-5-920(b) are met.

The state contends Gay is ineligible for expungement because he was not **sentenced** as a youthful offender but as an adult. Contrary to the state's contention, S.C.Code Ann. § 22-5-920(B) requires only that one be **convicted** as a youthful offender. Under the literal terms of the statute, Gay was **convicted** as a "youthful offender."

In *Creel v. State*, 262 S.C. 558, 564, 206 S.E.2d 825, 828 (1974), we held "a person between the ages of seventeen and twenty-five is, by definition, a youthful offender and must be sentenced pursuant to that Act. The trial judge must sentence the youthful offender under one of the subsections of Section 55-395 (the predecessor to S.C.Code Ann. 24-19-50)." Although a trial judge has discretion to impose sanctions which are "outside" the YOA, *see* § 24-19-50(4), the sentencing nonetheless takes place pursuant to the provisions of § 24-19-50 of the YOA.

The state relies on *Brown v. State*, 265 S.C. 516, 220 S.E.2d 125 (1975), *cert. denied* 426 U.S. 939, 96 S.Ct. 2657, 49 L.Ed.2d 392 (1976), in which the Court found it implicit the trial judge had found the defendant would receive no benefit from a YOA sentence. *Brown* is immaterial to the issue of whether or not an individual who meets the statutory definition of "youthful offender" is eligible for expungement under § 22-5-920(B).

We find the Legislature, in enacting § 22-5-920(B), reasonably concluded that persons who had been convicted of non-violent, misdemeanor offenses at a young age (between 17-25), and who had committed no subsequent offenses over the

course of the next fifteen years, were entitled to be considered for an expungement.

## CONCLUSION

The trial court erred in ruling Gay was ineligible to have his application for expungement considered. Accordingly, the circuit court's order is reversed.

**REVERSED.**

TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur.