**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4387**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMES ERIC JONES,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:06-cr-01238-TLW-1)

Submitted:  January 29, 2009       Decided:  February 20, 2009

Before NIEMEYER, MICHAEL, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven M. Hisker, HISKER LAW FIRM, PC, Duncan, South Carolina,
for Appellant.  Alfred William Walker Bethea, Jr., Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Eric Jones was convicted by a jury of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006). Finding that Jones was an armed career criminal under 18 U.S.C. § 924(e) (2006), the district court sentenced him to 520 months' imprisonment, which was subsequently amended to 456 months' imprisonment pursuant to Fed. R. Crim. P. 35(a).

Jones's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging Jones's designation as an armed career criminal. Counsel states, however, that he has found no meritorious grounds for appeal. Jones has filed a pro se supplemental brief raising several issues. We affirm.

Jones's prior convictions include South Carolina convictions for second degree burglary, attempted burglary, two convictions for strong arm robbery, and two convictions for assault and battery of a high and aggravated nature incident to the respective robberies. A defendant is an armed career criminal when he violates 18 U.S.C. § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "otherwise involves

2

conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); U.S. Sentencing Guidelines Manual § 4B1.2(a)(1) (2007). This definition specifically includes burglary. 18 U.S.C. § 924(e)(2)(B)(ii).

To determine whether a state offense falls within the definition of a violent felony, we use a categorical approach, which "takes into account only the definition of the offense and the fact of conviction." United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002). The particular label or categorization under state law is not controlling. See Taylor v. United States, 495 U.S. 575, 590-91 (1990). South Carolina defines strong arm robbery as "the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." State v. Gourdine, 472 S.E.2d 241, 241 (S.C. 1996) (internal quotation marks and citation omitted). Assault and battery of a high and aggravated nature is defined as "the unlawful act of violent injury to another accompanied by circumstances of aggravation." State v. Fennell, 531 S.E.2d 512, 516 (S.C. 2000). "A person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein." S.C. Code Ann. § 16-11-312 (2005). As these prior convictions are all violent

crimes under 18 U.S.C. § 924(e)(1), we find that the district court did not err in designating Jones an armed career criminal.

We have also reviewed the arguments raised in Jones's pro se supplemental brief and find them to be without merit. Although Jones alleges that his trial counsel was ineffective, claims of ineffective counsel generally are not cognizable on appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Jones can pursue this claim in a motion under 28 U.S.C. § 2255 (West Supp. 2008).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Jones's conviction and sentence. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED