683 S.E.2d 478

**Jonathan Kyle BINNEY, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**No. 26723.**

Supreme Court of South Carolina.

Heard June 24, 2009.

Decided Sept. 21, 2009.

540

Emily C. Paavla, of Center for Capital Litigation, of Columbia, and John H. Blume, of Ithaca, NY, for Petitioner.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General William Edgar Salter, III, all of Columbia, and Harold W. Gowdy, III, of Spartanburg; for Respondent.

John Nichols, of Bluestein, Nichols, Thompson & Delgado, of Columbia; Kathy Lynn Osborn and Mary Kristin Glazner, both of Indianapolis, IN, for Amicus Curiae Professors of Legal Ethics.

Joseph L. Savitz, III and Robert M. Dudek, both of Columbia, for Amicus Curiae South Carolina Appellate Defense.

Ernest Charles Grose, Jr., of Greenwood, for Amicus Curiae South Carolina Public Defenders Association.

Frank Eppes, of Greenville, for Amicus Curiae South Carolina Trial Lawyer's Association.

C. Rauch Wise, of Greenwood, for Amicus Curiae South Carolina Association of Criminal Defense Lawyers.

Cecil Kelly Jackson, of Sumter, for Amicus Curiae Solicitor's Association.

Chief Justice TOAL.

In this case, we granted a writ of certiorari to review an order of the post-conviction relief (PCR) court denying Petitioner's motion for (1) the return of his trial file from the Attorney General's Office (AGO) and (2) the disqualification of the AGO attorneys who viewed the file. Petitioner argues that his attorney-client privilege was violated when, after he filed an application for PCR, trial counsel turned over his entire trial file to the AGO.[1] We find that Petitioner's attor-

---

1. The issue presented by this matter is novel and capable of arising in every PCR proceeding. We granted a writ of certiorari in this case due to these exceptional circumstances. *See In re Breast Implant Product Liability Litigation,* 331 S.C. 540, 503 S.E.2d 445 (1998); *see also Laffitte v. Bridgestone Corp.,* 381 S.C. 460, 674 S.E.2d 154 (2009) (finding that, where a matter is not otherwise immediately appealable, this Court may issue a writ of certiorari due to "exceptional circum-

ney-client privilege was not violated by the disclosure of his entire trial file to the AGO and affirm the PCR court's order.

## FACTS/PROCEDURAL HISTORY

Petitioner was convicted of murder and first degree burglary, and he was sentenced to death. We affirmed Petitioner's conviction and sentence. *State v. Binney,* 362 S.C. 353, 608 S.E.2d 418 (2005), *cert denied,* 546 U.S. 852, 126 S.Ct. 115, 163 L.Ed.2d 125 (2005).

On April 7, 2006, after his execution was stayed, Petitioner filed an application for PCR in which he alleged that trial counsel was ineffective during the guilt and sentencing phases of his trial. Petitioner alleged many grounds of ineffectiveness. In particular, three of the allegations were so broad as to encompass effectively the entire scope of trial counsel's obligations in Petitioner's defense. First, Petitioner alleged that "[trial] counsel failed to investigate the facts and circumstances surrounding the death of the victim." Second, Petitioner alleged that "[trial] counsel failed to investigate, develop, and present all available, relevant, and admissible mitigating evidence." Third, Petitioner alleged that "[trial] counsel failed to investigate and present evidence in support of all potential defenses in the guilt and innocence phase."

On February 27, 2007, trial counsel met with attorneys from the AGO. The purpose of this meeting was to discuss the allegations made by Petitioner in his application for PCR. Due to the breadth of Petitioner's allegations of ineffectiveness, trial counsel determined that it was necessary to make an entire copy of the trial file available for review and copying by the AGO attorneys.

Petitioner later discovered that trial counsel made the entire trial file available to the AGO. Petitioner moved the PCR court to order that his file be returned and that the AGO

---

stances"). In *Bridgestone,* we "granted a petition for a writ of certiorari in our original jurisdiction." *Bridgestone,* 381 S.C. at 464, 674 S.E.2d 154. Writing for the Court in that matter as I do here, my statement of the procedural posture was incorrect. A matter may not be before this Court by a writ of certiorari *and* in our original jurisdiction. The questions presented by *Bridgestone,* just as the issue presented here, were before this Court by way of a writ of certiorari issued due to exceptional circumstances, and not in our original jurisdiction.

attorneys who reviewed the file be disqualified from partici-
pating in his PCR proceedings, arguing that his attorney-
client privilege had not been waived as to the entire file.
Following a hearing, the PCR court denied Petitioner's motion
finding that the broad allegations of ineffective assistance of
counsel contained in Petitioner's PCR application waived the
attorney-client privilege with respect to all material contained
in the trial file.

Petitioner filed a notice of appeal and a petition for a writ of
certiorari to review the order of the PCR court. The PCR
court's denial of Petitioner's motion is interlocutory, and thus
not immediately appealable. Nonetheless, due to the excep-
tional circumstances of this matter, we granted Petitioner's
writ of certiorari to review the following issue:

Given the particular allegations made in his April 7, 2006
application for PCR, did Petitioner completely waive his
attorney-client privilege with respect to his trial file?

## STANDARD OF REVIEW

█ If the PCR court's findings are supported by any
evidence of probative value in the record, they should be
upheld. *Cherry v. State,* 300 S.C. 115, 119, 386 S.E.2d 624,
626 (1989).

## LAW/ANALYSIS

Petitioner argues that he did not completely waive his
attorney client privilege upon application for PCR and, there-
fore, this privilege was violated when trial counsel made his
entire file available to the AGO. We disagree.

S.C.Code Ann. § 17–27–130 (1996), which describes a PCR
applicant's waiver of the attorney-client privilege, states in
pertinent part:

Where a defendant alleges ineffective assistance of prior
trial counsel ... as a ground for post-conviction relief ...
the applicant shall be deemed to have waived the attorney-
client privilege with respect to both oral and written com-
munications between counsel and the defendant, and be-
tween retained or appointed experts and the defendant, to
the extent necessary for prior counsel to respond to the
allegation. This waiver of the attorney client privilege shall
be deemed automatic upon the filing of the application

alleging ineffective assistance of prior counsel and the court need not enter an order waiving the privilege. Thereafter, counsel alleged to have been ineffective is free to discuss and disclose any aspect of the representation with representatives of the State for purposes of defending against the allegations of ineffectiveness, to the extent necessary for prior counsel to respond to the allegation.

"In interpreting statutes, th[is] Court looks to the plain meaning of the statute and the intent of the Legislature." *Gay v. Ariail,* 381 S.C. 341, 344, 673 S.E.2d 418, 420 (2009) (citing *State v. Dingle* 376 S.C. 643, 659 S.E.2d 101 (2008)). Furthermore,

If possible, legislative intent should be found in the plain language of the statute itself. If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the Court has no right to impose another meaning.

*Id.* (citing *State v. Gaines,* 380 S.C. 23, 667 S.E.2d 728 (2008)).

We find that the language of S.C.Code Ann. § 17–27–130 (1996) is plain and unambiguous. Section 17–27–130 clearly states that an applicant's "waiver of the attorney client privilege shall be deemed automatic upon the filing of the application alleging ineffective assistance of prior counsel. . . ." In so far as it applies to this case, we find that Petitioner's waiver of the attorney-client privilege was automatic upon the filing of his application for PCR on April 7, 2006. In order to determine the scope of a PCR applicant's waiver pursuant to S.C.Code Ann. § 17–27–130 (1996), the specific allegations made in the initial application are controlling. Due to the automatic nature of this waiver, its scope cannot be whittled down by the subsequent amendment of the application.[2]

Furthermore, § 17–27–130 states that an applicant's waiver is made "to the extent necessary for prior counsel to respond to the allegation." It is clear from the language of this provision that the General Assembly did not intend for the scope of this waiver to be entirely limited or automatically complete. We find that the plain language of § 17–27–130

---

**2.** Petitioner amended his application for PCR on May 7, 2007 and May 25, 2007. These amended applications are of no consequence in determining the degree to which Petitioner waived his attorney-client privilege.

makes clear that the General Assembly intended for the scope of the automatic waiver to be directly proportional to the breadth of the allegations made in each individual PCR application.

Turning to the facts of this case, upon application, Petitioner waived his attorney-client privilege "to the extent necessary for prior counsel to respond to the allegation[s]" of ineffectiveness. S.C.Code Ann. § 17–27–130 (1996). We find that the particular allegations made in Petitioner's application for PCR were so broad as to effectuate a complete waiver of his attorney-client privilege.

Although Petitioner's application alleged many grounds of ineffectiveness, we find that the breadth of three particular allegations constituted a complete waiver of Petitioner's attorney-client privilege. Specifically, Petitioner's application alleges that trial counsel was ineffective because he failed to (1) "investigate the facts and circumstances surrounding the death of the victim," (2) "investigate, develop, and present all available, relevant, and admissible mitigating evidence," and (3) "investigate and present evidence in support of all potential defenses in the guilt and innocence phase." The breadth of these allegations, which encompass in effect the entirety of trial counsel's obligations in presenting a defense, necessitated a review of the entire trial file in order for the AGO, on behalf of trial counsel, to properly "respond to the allegation[s]" in Petitioner's application.

■ Finally, pursuant to the clear and unambiguous language of § 17–27–130, prior counsel was justified in disclosing the entire trial file for reviewing and copying. Section 17–27–130 states,

[C]ounsel alleged to have been ineffective is free to discuss and disclose any aspect of the representation with representatives of the State for purposes of defending against the allegations of ineffectiveness, to the extent necessary for prior counsel to respond to the allegation.

This provision permits prior counsel, when faced with extremely broad allegations of ineffectiveness, to provide representatives of the State with any information he deems necessary for the defense of his representation. Under the specific facts of this case, prior counsel was justified in making Petitioner's entire trial file available to the AGO.

## CONCLUSION

For the foregoing reasons, we rule that Petitioner completely waived his attorney-client privilege pursuant to S.C.Code Ann. § 17–27–130 because the allegations made in his application for PCR were so broad as to encompass in effect nearly the entire scope of trial counsel's obligations in Petitioner's defense.

WALLER, BEATTY and KITTREDGE, JJ., concur.

PLEICONES, J. dissenting in a separate opinion.

Justice PLEICONES.

I respectfully dissent, and would require the AGO to return trial counsel's file, and would disqualify the AGO attorneys who viewed that file.

Under our post-conviction relief (PCR) statutes, subject to a limited number of exceptions not applicable here, an applicant must file an application within a one year statute of limitations or be barred from pursuing this form of collateral relief. S.C.Code Ann. §§ 17–27–40 through 50 (2003). The overwhelming majority of these initial applications, including the one at issue here, are filed by the inmate *pro se.* To hold, as does the majority, that the claims made in this uncounseled document determine, forever, the scope of the applicant's waiver of his attorney-client privilege is unsupported by the language of the statute.

The majority's opinion rests on its interpretation of § 17–27–130, entitled "Waiver of attorney-client privilege by allegation of ineffective prior counsel, access to files." In its entirety, this statute provides:

Where a defendant alleges ineffective assistance of prior trial counsel or appellate counsel as a ground for post-conviction relief or collateral relief under any procedure, the applicant shall be deemed to have waived the attorney-client privilege with respect to both oral and written communications between counsel and the defendant, and between retained or appointed experts and the defendant, to the extent necessary for prior counsel to respond to the allegation. This waiver of the attorney-client privilege shall be deemed automatic upon the filing of the allegation alleging ineffective assistance of prior counsel and the court need not

enter an order waiving the privilege. Thereafter, counsel alleged to have been ineffective is free to discuss and disclose any aspect of the representation with representatives of the State for purposes of defending against the allegations of ineffectiveness, to the extent necessary for prior counsel to respond to the allegation.

In the case of a defendant who has been convicted of a capital offense and sentenced to death, the defendant's prior trial counsel or appellate counsel shall make available to the capital defendant's collateral counsel the complete files of the defendant's trial or appellate counsel. The capital defendant's collateral counsel may inspect and photocopy the files, but the defendant's prior trial or appellate counsel shall maintain custody of their respective files, except as to the material which is admitted into evidence in any trial proceeding.

Reading the first paragraph of the statute, it is my opinion that the automatic waiver of the privilege does not extend to the entire file, but is instead limited to: "oral and written communications between counsel and the defendant, and between retained or appointed experts and the defendant,[3] to the extent necessary for prior counsel to respond to the allegation. . . . Thereafter, counsel alleged to have been ineffective is free to discuss and disclose any aspect of the representation with representatives of the State . . . to the extent necessary for prior counsel to respond to the allegation." It is noteworthy that while this paragraph makes no mention of counsel's file, but instead explicitly limits the permissible scope of counsel's disclosures to AGO attorneys, it is upon this paragraph of the statute alone that the majority rests its holding.

The second paragraph of the statute does directly reference the attorney's file, and is specifically directed to capital cases such as this. This paragraph requires that the capital defendant's trial and/or appellate attorneys make files available to the defendant's PCR counsel who may inspect and copy the contents but explicitly requires that the original attorneys otherwise retain custody of their files. To hold, as does the majority, that under this statute these attorneys are free to turn over their entire files to the AGO is puzzling in light of

---

3. Note the statutory waiver does not extend to communications between the experts and the defendant's attorney.

the statute's clear directive that the files are to remain in the custody of the original attorney, and be made available only to the applicant's attorney. I would not foreclose the possibility that an attorney charged with rendering ineffective assistance may need to rely upon an item in her file as part of her defense, but that is a far cry from copying the entire file and turning it over to the AGO.

When the Court abolished the doctrine of *in favorem vitae*, it did so in large part in reliance upon the legislature's adoption of the Uniform Post Conviction Relief Act. *State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991). The decision today to hold that this *pro se* capital defendant has made a wholesale waiver of his attorney-client privilege undermines one of the fundamental tenets upon which the abolition of the ancient doctrine rested, that is, that PCR "safeguards the [capital defendant] and render[s] the protection afforded by *in favorem vitae* surplusage." *Id.* at 61, 406 S.E.2d at 324.

I would reverse the circuit court's order, require that the file be returned to trial counsel, and would disqualify any member of the AGO's staff who has viewed this file or any of its contents. I respectfully dissent.