**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5140**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

FRANKLIN JOE WHITE, a/k/a Joe Franklin White,

     Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:09-cr-00692-PMD-1)

Submitted:  May 19, 2011     Decided:  July 29, 2011

Before TRAXLER, Chief Judge, and DUNCAN and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cameron J. Blazer, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Columbia, South Carolina, Sean Kittrell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Franklin Joe White appeals an 87-month sentence he received after pleading guilty to possession of a firearm by a convicted felon, see 18 U.S.C. § 922(g)(1). Finding no error, we affirm.

I.

White pleaded guilty in April 2010 to one count of possession of a firearm by a convicted felon based on conduct that took place in September 2008. A presentence report ("PSR") was prepared, which determined that White's advisory guidelines range should be 70-87 months. This calculation was based, in part, on the probation officer's view that a January 2008 South Carolina conviction of White's for assault and battery of a high and aggravated nature ("ABHAN") qualified as a "crime of violence" under the Guidelines. U.S.S.G. § 2K2.1(a)(2) (2009). The indictment underlying the ABHAN conviction alleged:

> Joe Franklin White did in Georgetown County on or about January 23, 2008, commit an assault and battery upon the victim, Fredrena Cheley, constituting an unlawful act of violent injury to the person of the said victim, accompanied with circumstances of aggravation, including but not limited to: use of a deadly weapon and by hitting the victim in the mouth with a closed fist, and by putting a .38 caliber handgun to her head, pulling back the hammer, this in violation of the Common Law Crime of Assault and Battery, High and Aggravated Nature.

J.A. 180a-180b (internal quotation marks omitted).

2

Although White objected to the PSR's treatment of the ABHAN conviction as a crime of violence, the district court overruled his objection, adopted the PSR's recommended guideline range, and sentenced White to the high end of that range.

## II.

White challenges the district court's determination that his ABHAN conviction constituted a crime of violence. We disagree.[1]

The guidelines set a base offense level of at least 24 for a § 922(g) offense "if the defendant committed any part of the . . . offense subsequent to sustaining at least two felony convictions of . . . a crime of violence." U.S.S.G. § 2K2.1(a)(2). It is undisputed that White had two such convictions if the ABHAN conviction was of a crime of violence, and thus it is to that issue that we now turn.

Whether a prior conviction is of a crime of violence is an issue we consider de novo. See United States v. Jenkins, 631 F.3d 680, 682 (4th Cir. 2011). As is relevant here, a crime of violence, for U.S.S.G. § 2K2.1(a)(2) purposes, is an offense that "involves conduct that presents a serious potential risk of

---

[1] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

physical injury to another." U.S.S.G. § 4B1.2(a)(2); see U.S.S.G. § 2K2.1 cmt. (n.1) (providing that "'[c]rime of violence' has the meaning given that term in § 4B1.2(a)").

To decide whether a prior conviction constitutes a crime of violence, the sentencing court normally should employ a "categorical approach." Taylor v. United States, 495 U.S. 575, 600 (1990); United States v. Kirksey, 138 F.3d 120, 124–25 (4th Cir. 1998). Under this approach, the court may "look only to the fact of conviction and the statutory definition of the prior offense." Taylor, 495 U.S. at 602. The court must consider "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." United States v. Seay, 553 F.3d 732, 737 (4th Cir. 2009) (internal quotation marks omitted).

In a limited class of cases, however, in which the definition of the underlying crime encompasses both violent and non-violent conduct such that they "constitute at least two separate crimes for [sentencing] purposes," United States v. Rivers, 595 F.3d 558, 563 (4th Cir. 2010), cert. denied, 79 U.S.L.W. 3661 (2011), a sentencing court may look beyond the statutory definition. See United States v. Clay, 627 F.3d 959, 966 (4th Cir. 2010); Seay, 553 F.3d at 737. This "modified categorical approach" allows courts "to determine which statutory phrase was the basis for the conviction by consulting

4

the trial record-including charging documents." Johnson v. United States, 130 S. Ct. 1265, 1273 (2010) (internal quotation marks omitted).

The government maintains that even assuming arguendo that ABHAN is not categorically a crime of violence, it effectively encompasses several different types of conduct and White's ABHAN indictment shows he pled guilty to a type that generally "presents a serious potential risk of physical injury to another." We agree.

At the time of White's ABHAN conviction, ABHAN was the common law crime of committing "an unlawful act of violent injury to another accompanied by circumstances of aggravation."[2] State v. Patterson, 522 S.E.2d 845, 853 (S.C. Ct. App. 1999); see Gay v. Ariail, 673 S.E.2d 418, 419 n.1 (S.C. 2009). Aggravating circumstances included

> the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, great disparity between the ages and physical conditions of the parties involved, . . . the difference in the sexes . . .[,] indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, and resistance to lawful authority.

---

[2] After White was convicted, South Carolina enacted the Omnibus Crime Reduction and Sentencing Reform Act of 2010, S. 1154, 2009-10 Leg. 118th Sess. (S.C. 2010), which, among other things, redefined and classified degrees of criminal assault.

State v. Tyndall, 518 S.E.2d 278, 285 (S.C. Ct. App. 1999) (emphasis omitted).

This list demonstrates the varied nature of the types of conduct ABHAN encompasses. On one end of the violence spectrum, an ABHAN may be committed by a "stranger on the street embrac[ing] a young lady" or "a large man improperly fondl[ing] a child." State v. DeBerry, 157 S.E.2d 637, 640 (S.C. 1967). On the other end, ABHAN can be accomplished by committing an assault and battery with a deadly weapon, which would almost always "present[] a serious potential risk of physical injury to another." Since it is undisputed that White's indictment shows that his offense fell within that violent class, the district court correctly counted White's ABHAN as a predicate offense.

## III.

In sum, because we conclude that the district court properly found that White's ABHAN conviction was of a crime of violence, we affirm his sentence.

AFFIRMED