**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4277

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

HARRY MOULTRIE,

Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  Margaret B. Seymour, District Judge.
(1:10-cr-00523-MBS-1)

Submitted:  August 8, 2011          Decided:  September 6, 2011

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James P. Rogers, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  William N. Nettles., United
States Attorney, Jeffrey Mikell Johnson, Robert F. Daley, Jr.,
Assistant United States Attorneys, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harry Moultrie pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced as an armed career criminal, 18 U.S.C. § 924(e)(1) (2006), to 180 months in prison. Moultrie now appeals his sentence, claiming that two South Carolina state convictions for assault and battery of a high and aggravated nature ("ABHAN") should not have been counted as predicate felonies for armed career criminal purposes. We affirm.

A defendant is an armed career criminal when he violates § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is one "that has as an element the use, attempted use, or threatened use of physical force against the person of another . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); U.S. Sentencing Guidelines Manual § 4B1.2(a) (2010).

To determine whether a state offense qualifies as a violent felony, we use a "categorical approach, which takes into account only the definition of the offense and the fact of conviction." United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002). The characterization of an offense under state law is not controlling. See Taylor v. United States, 495 U.S. 575,

2

590-91 (1990). ABHAN, which is punishable by up to ten years in prison, is defined as "the unlawful act of violent injury to another accompanied by circumstances of aggravation." State v. Fennell, 531 S.E.2d 512, 516 (S.C. 2000).

Under the above authorities, Moultrie's ABHAN convictions were properly treated as predicate felonies for armed career criminal purposes. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED