**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4224**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

QUINTON WILEY, a/k/a Quintin Oniel Wiley, a/k/a Quinton Oniel
Wiley, a/k/a Quintion Wiley,

Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Solomon Blatt, Jr., Senior
District Judge.  (9:08-cr-00689-SB-1)

Submitted:  September 13, 2011       Decided:  October 12, 2011

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, OFFICE OF
THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for
Appellant.  William N. Nettles, United States Attorney, OFFICE
OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, and
Sean Kittrell, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quinton Wiley appeals his criminal sentence. For the reasons that follow, we affirm.

Wiley, who was then a convicted felon, pled guilty to illegally possessing a firearm in violation of 18 U.S.C. § 922(g). Ordinarily, the maximum sentence for a § 922(g) crime is 10 years of imprisonment, but under the Armed Career Criminal Act ("ACCA"), if the felon had three previous convictions for a "violent felony" or "serious drug offense," the punishment is increased to a minimum term of 15 years. See 18 U.S.C. §§ 924(a)(2), 924(e). Without objection, the district court found that Wiley had three ACCA prior offenses and sentenced him to a 210-month term of imprisonment.

On appeal, Wiley contends that his prior South Carolina convictions for assault and battery of a high and aggravated nature ("ABHAN") and strong arm robbery do not constitute violent felonies under § 924(e) and, therefore, should not have been counted as ACCA prior offenses. Because Wiley did not object at sentencing to being designated an armed career criminal, our review is for plain error.

Under Rule 52(b) of the Federal Rules of Criminal Procedure, "[a] plain error that affects substantial rights may be considered even though it was not brought to the [district]

2

court's attention." Interpreting Rule 52(b), the Supreme Court has instructed:

> [A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

United States v. Marcus, 130 S.Ct. 2159, 2164 (2010) (internal punctuation and citation omitted). "[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it," United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004), and "[m]eeting all four prongs is difficult, as it should be," Puckett v. United States, 129 S.Ct. 1423, 1429 (2009) (internal punctuation and citation omitted).

Our resolution of this appeal need not proceed past the second step of the plain error analysis. The district court's finding that Wiley's South Carolina ABHAN and strong arm robbery convictions are violent felonies is consistent with our caselaw both at the time of sentencing and today. See United States v. Wright, 594 F.3d 259, 263 (4th Cir. 2010) (S.C. aggravated assault and battery [i.e., ABHAN], is a violent felony); United States v. Moultrie, No. 11-4277 (4th Cir. Sept. 6, 2011) (S.C. ABHAN is a violent felony); United States v.

3

White, No. 10-5140 (4th Cir. July 29, 2011) (S.C. ABHAN is a crime of violence); United States v. Jones, 312 Fed. Appx. 559 (4th Cir. 2009) (S.C. ABHAN and strong arm robbery are violent felonies); see also United States v. Walker, 595 F.3d 441 (2d Cir. 2010) (S.C. strong arm robbery is a crime of violence); United States v. Guerrero-Robledo, 565 F.3d 940 (5th Cir. 2009) (S.C. ABHAN is a crime of violence).[*]

In light of this caselaw, if we now revisit the issue and assume for the sake of argument that Wiley is correct that his South Carolina ABHAN and/or strong arm robbery convictions are not ACCA violent felonies, we cannot say that the district court's error in sentencing him in accord with our prior precedent is "plain" within the meaning of Rule 52(b). See United States v. Beasley, 495 F.3d 142, 149-50 (4th Cir. 2007) (rejecting plain error argument where there "was no controlling 'current law' in this circuit" at the time of sentencing "nor is there any today"); Guerrero-Robledo, 565 F.3d at 946 ("It

---

[*]The language defining a "violent felony" in § 924(e) is nearly identical to language defining a "crime of violence" in various provisions of the United States Sentencing Guidelines. Consequently, we rely on case law interpreting all of these sections when examining whether a prior crime is an ACCA violent felony or a crime of violence under the Guidelines. See United States v. Rivers, 595 F.3d 558, 560 n.1 (4th Cir. 2010); United States v. Carillo-Pineda, 238 Fed. Appx. 912, 913 n.1 (4th Cir. 2007).

certainly is not plain error for the district court to rely on an unpublished opinion that is squarely on point.").

Based on the foregoing, we affirm Wiley's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

<u>AFFIRMED</u>

5