[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11182
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00307-WTH-PRL

JAMES ERIC JONES,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP I,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 29, 2015)

Before MARCUS, WILLIAM PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

James Eric Jones, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. After a thorough review, we conclude that Jones has not shown his petition satisfies the requirements of the savings clause of 28 U.S.C. § 2255(e), and we therefore affirm.

I.

The procedural history of this case can be briefly summarized as follows:  In 2007, Jones was convicted, after a jury trial, for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).[1]  Based on his prior criminal history, including South Carolina convictions for strong-arm robbery, burglary, and attempted burglary, Jones was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  Although initially sentenced to 520 months' imprisonment, the district court later reduced Jones's sentence to a 456-month term pursuant to Fed.R.Crim.P. 35(a).  His conviction and ACCA-enhanced sentence were affirmed on direct appeal.  *United States v. Jones*, 312 F. App'x 559, 560 (4th Cir. 2009) (unpublished).

---

[1] Jones was convicted and sentenced in the U.S. District Court for the District of South Carolina, but he is currently incarcerated at a federal penitentiary in Coleman, Florida.  Thus, Jones properly filed his instant § 2241 petition in the Middle District of Florida.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443-44 (2004) (noting that a § 2241 petition by a federal prisoner must be brought in the district where the inmate is incarcerated).

In 2010, Jones filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, alleging multiple errors, including that he was denied effective assistance of counsel because his attorney failed to challenge his burglary conviction at sentencing. The district court denied his § 2255 motion and the Fourth Circuit affirmed. *See Jones v. United States*, 419 F. App'x 365 (4th Cir. 2011) (unpublished).

In June 2012, Jones filed the instant § 2241 petition, arguing that, pursuant to *Sykes v. United States*, 564 U.S. ___, 131 S.Ct. 2267 (2011), his two prior convictions for burglary and attempted burglary no longer qualified as predicate offenses for the ACCA enhancement. As such, Jones asserted that his 456-month sentence, which exceeded the applicable 10-year statutory maximum under § 922(g)(1), violated due process and he was "actually innocent" of the ACCA enhancement. He maintained that his § 2241 petition satisfied the requirements of the savings clause because his claim had been previously foreclosed by then-existing Fourth Circuit precedent. *See United States v. Wright*, 594 F.3d 259, 266 (4th Cir. 2010) (holding that second-degree burglary as defined by S.C. Code Ann. § 16-11-312(A) constituted a violent felony under the ACCA).

The district court dismissed Jones's § 2241 petition for lack of jurisdiction because he had failed to establish the necessary conditions to satisfy the savings clause of 28 U.S.C. § 2255(e), so that his claims might be considered in a § 2241

3

petition.  Specifically, the court found no merit to Jones's argument that he was entitled to relief because of "circuit busting precedent," and Jones could, and did, raise the same claims in his unsuccessful § 2255 motion.  Jones then filed a motion for reconsideration, reiterating many of his previous arguments, and also asserting that his burglary conviction no longer qualified as a predicate offense under the ACCA based on the Supreme Court's holding in *Descamps v. United States*, 570 U.S. __, 133 S.Ct. 2276 (2013).  The district court denied his motion for reconsideration.  The instant appeal followed.

## II.

"Whether a prisoner may bring a [] § 2241 petition under the savings clause of § 2255(e) is a question of law we review *de novo*."  *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013), *cert. denied* 135 S.Ct. 52 (2014).  Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  The "savings clause" of § 2255(e), however, permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241.  *Id.*

Under the savings clause, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the

4

legality of his detention."  28 U.S.C. § 2255(e).  The applicability of § 2255(e)'s

savings clause is a threshold issue, which imposes a subject-matter jurisdictional

limit on § 2241 petitions.  *See Williams*, 713 F.3d at 1337-38.  Accordingly, before

we may reach the substantive claims raised by Jones, we must determine whether

the savings clause of § 2255(e) permits him to seek relief through a § 2241

petition.

The restriction against second and successive § 2255 motions, standing

alone, cannot render § 2255's remedy inadequate or ineffective under the savings

clause in § 2255(e).  *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011)

(*en banc*).  Rather, we have explained that a petitioner can use the savings clause to

"open the portal" to § 2241 only where he shows that: (1) throughout his

sentencing, direct appeal, and original § 2255 proceeding, his claim was squarely

foreclosed by binding precedent; (2) his current claim is based on a Supreme Court

decision that overturned the precedent that had foreclosed his claim; (3) that

Supreme Court decision is retroactively applicable on collateral review; (4) as a

result of the application of the new rule, his sentence exceeds the applicable

statutory maximum penalties; and (5) the savings clause reaches his pure-*Begay*[2]

error claim of illegal detention above the statutory maximum penalty.  *Bryant v.*

*Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262, 1274 (11th Cir. 2013).

---

[2] *Begay v. United States*, 553 U.S. 137 (2008).

III.

Here, we reject Jones's claim that his sentence was erroneously enhanced based on his prior convictions for burglary and attempted burglary or that the district court erred in dismissing his § 2241 petition.  As the record shows, Jones's petition fails to satisfy the first two elements of the *Bryant* test.  First, Jones has failed to show that binding Fourth Circuit precedent squarely foreclosed his claim—that his prior convictions for burglary and attempted burglary under § 16-11-312(A) no longer qualify as violent felonies under the ACCA—during his sentencing or direct appeal.  The Fourth Circuit did not hold that a conviction under § 16-11-312(A) constituted a violent felony under the ACCA until February 3, 2010, well after Jones's sentencing in 2008 and direct appeal in 2009.  *See Wright*, 594 F.3d at 266. Although the *Wright* decision had come out by the time Jones filed his § 2255 motion on February 18, 2010, he still had multiple procedural opportunities, including at sentencing and on appeal, to assert his § 924(e) claim.  In fact, Jones unsuccessfully argued in his direct appeal that his prior convictions for burglary and attempted burglary did not qualify as ACCA predicate offenses.  *Jones*, 419 F. App'x at 365; *see also Williams*, 713 F.3d at 1348 (noting that "simply because a procedurally adequate test may get the answer wrong . . . cannot mean that a petitioner is entitled to utilize the savings clause to have his claim reevaluated").

6

Jones argues that, prior to his indictment, the Fourth Circuit held that burglary constituted a qualifying predicate offense under the ACCA. *See United States v. Bowden*, 975 F.2d 1080, 1084-85 (4th Cir. 1992) (noting that a burglary conviction under a North Carolina "breaking or entering" statute qualified as "generic burglary" under the ACCA and justified a sentencing enhancement). But *Bowden* addressed a North Carolina statute, not the South Carolina burglary statute at issue in Jones's case, and thus could not have squarely foreclosed Jones's claim throughout his sentencing, direct appeal, and first § 2255 proceeding.

Next, Jones failed to identify a Supreme Court decision overturning any precedent from the Fourth Circuit that purportedly squarely foreclosed his claim. Because there was no binding precedent that foreclosed his § 924(e) argument during his sentencing and direct appeal, it follows that no Supreme Court ruling could have overturned precedent foreclosing his claim. As such, Jones's reliance on *Sykes* and *Descamps* is unavailing.

In short, Jones has failed to satisfy the first two elements of the *Bryant* test, and the remedy under § 2255 was not "inadequate or ineffective to test the legality of his detention." *Bryant*, 738 F.3d at 1274.[3] Accordingly, we affirm the district court's dismissal of Jones's § 2241 petition.

---

[3] Because Jones's § 2241 petition does not fall within the savings clause of § 2255(e), we need not address the issue of whether a district court within the Eleventh Circuit has the power to reduce a sentence imposed by a district court within the Fourth Circuit.

7

**AFFIRMED.**