**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4831

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DOMINICUS DONYALE SITTON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Bruce H. Hendricks, District Judge.  (6:16-cr-00448-BHH-1)

Argued:  December 8, 2021                    Decided:  January 6, 2022

Before AGEE, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by published opinion.  Judge Thacker wrote the opinion, in which Judge Agee and Judge Quattlebaum joined.

**ARGUED:**  Kimberly Harvey Albro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Katherine Hollingsworth Flynn, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.  **ON BRIEF:**  Sherri A. Lydon, United States Attorney, M. Rhett DeHart, Acting United States Attorney, Columbia, South Carolina, Elizabeth Jeanne Howard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

THACKER, Circuit Judge:

This case presents a narrow issue for resolution on appeal -- whether, under South Carolina law, a juvenile adjudged guilty in general sessions court and sentenced pursuant to the South Carolina Youthful Offender Act (the "YOA") is considered to be convicted as an adult. The South Carolina Supreme Court and South Carolina Code clearly distinguish juvenile adjudications in family court from adult convictions in general sessions court. Youthful offenders are convicted in general sessions court. Thus, where, as here, a defendant is convicted of a South Carolina offense in general sessions court, that conviction is an "adult conviction" for purposes of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). This is so even if the defendant is a youthful offender who committed the offense before turning eighteen. Therefore, during sentencing, the district court correctly applied a Guidelines enhancement that was contingent upon Appellant having a prior "adult conviction."

Accordingly, we affirm the sentence imposed by the district court.

## I.

After Dominicus Donyale Sitton ("Appellant") pled guilty to unlawful possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e), the United States Probation Office prepared a presentence investigation report, in which it determined that Appellant was subject to an enhanced base offense level pursuant to § 2K2.1(a)(3) of the Guidelines based on his prior South Carolina first-degree assault and battery ("SC A&B") conviction. For the enhancement to apply, a defendant must have a prior felony conviction for either a crime of violence or a controlled substance offense.

2

U.S.S.G. § 2K2.1(a)(3). The Commentary to the Guideline defines "felony conviction" as "an *adult conviction* under the laws of the jurisdiction in which the defendant was convicted." *Id.* at cmt. n.1 (emphasis supplied).

Appellant did not object to the enhancement at sentencing, and the district court applied the enhancement without discussion. After the district court entered the judgment, Appellant timely appealed, arguing that the district court erred in applying the enhancement. Specifically, Appellant contends that his conviction for the SC A&B offense -- which he committed at sixteen years old and pled guilty to and was sentenced for pursuant to the YOA at eighteen years old in general sessions court -- is not an "adult conviction," and therefore cannot qualify as a predicate offense for the enhancement.

Per the Commentary to the Guideline, to determine if the § 2K2.1(a)(3) enhancement applies, we look to "the laws of the jurisdiction in which [Appellant] was convicted." *Id.* Here, the relevant jurisdiction is South Carolina.

The South Carolina YOA "sets forth a discretionary sentencing alternative" for youthful offenders.[1] *United States v. Sellers*, 806 F.3d 770, 772 (4th Cir. 2015) (internal

---

[1] The YOA defines "youthful offender" as an offender who is:

> (i) under seventeen years of age and has been bound over for proper criminal proceedings to the court of general sessions pursuant to Section 63-19-1210, for allegedly committing an offense that is not a violent crime, as defined in Section 16-1-60, . . . or

(Continued)

3

quotation marks omitted). Upon conviction of a youthful offender in general sessions court, the sentencing court *may*: (1) place the youthful offender on probation; (2) sentence the youthful offender to an indeterminate sentence not to exceed six years; or, if the court finds that the offender will not benefit from treatment, (3) sentence the youthful offender "under any other applicable penalty provision." S.C. Code § 24-19-50.

It is undisputed that Appellant was convicted and sentenced as a youthful offender for the SC A&B offense at issue. It is also undisputed that if the SC A&B offense did not result in an adult conviction, the district court erred in applying the enhancement because Appellant has no other predicate convictions.

## II.

Although we generally review de novo whether a prior offense qualifies as a predicate offense for a Guidelines enhancement, we review such a question for plain error where, as here, a defendant has not objected to the enhancement before the district court. *United States v. Carthorne*, 726 F.3d 503, 509 (4th Cir. 2013). To establish plain error, Appellant "has the burden of showing: (1) that an error was made, (2) that the error was plain, and (3) that the error affected his substantial rights." *United States v. Green*, 996 F.3d 176, 185 (4th Cir. 2021). "Even then, correction of an error is discretionary, and we will exercise that discretion only if an error would result in a miscarriage of justice or would

---

> (ii) seventeen but less than twenty-five years of age at the time of conviction for an offense that is not a violent crime, as defined in Section 16-1-60 . . . .

S.C. Code Ann. § 24-19-10(d).

4

otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

As discussed below, because Appellant has not met his burden of showing that an error was made, we need not reach the second and third elements of the plain error analysis in this case.

III.

U.S.S.G. § 2K2.1 sets forth the base offense level for offenses involving the unlawful receipt, possession, or transportation of firearms or ammunition, including 18 U.S.C. § 922(g)(1). As is relevant here, subsection (a)(3) provides that the base offense level is 22 **if**: (1) "the offense involved a [] semiautomatic firearm that is capable of accepting a large capacity magazine"[2]; **and** (2) "the defendant committed any part of the instant offense subsequent to sustaining **one felony conviction** of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(3) (emphasis supplied). Application Note 1 of the Commentary to § 2K2.1 defines "felony conviction" as:

> a prior **adult** federal or state **conviction** for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen years or older is an adult conviction. **A conviction for an offense committed prior to age eighteen years is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted** (e.g., a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult

---

[2] Appellant does not dispute that this element is satisfied here.

conviction if the defendant was expressly proceeded against as an adult).

*Id.* cmt. n.1 (emphasis supplied).

Thus, "[a] conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." *United States v. Mason*, 284 F.3d 555, 560 (4th Cir. 2002) (internal quotation marks omitted). Appellant committed the SC A&B offense when he was sixteen years old, and he was convicted of the offense when he was eighteen years old. Pursuant to South Carolina law, he was a youthful offender. *See supra* note 1 (quoting S.C. Code § 24-19-10(d)). The question here is whether, *under South Carolina law*, a "YOA conviction" in general sessions court is an "adult conviction."

In *State v. Standard*, the South Carolina Supreme Court explicitly distinguished a case "handled as a juvenile adjudication in family court," which does not result in a conviction pursuant to the South Carolina Code,[3] from a case in which a juvenile (Standard) was "tried and adjudicated as an adult . . . in general sessions court," and thus convicted. 569 S.E.2d 325, 327–28 nn.2, 6–7 (S.C. 2002). Although Standard was under eighteen when he committed the predicate offense and therefore a youthful offender, the court held that he was convicted as an adult. *See id.* at 328 ("Standard here was tried and adjudicated as an adult, such that his guilty plea to armed robbery in general sessions court

---

[3] S.C. Code § 63-19-1410 (the Children's Code) provides, "no adjudication by the [family] court of the status of a child is a conviction, nor does the adjudication operate to impose civil disabilities ordinarily resulting from conviction." S.C. Code § 63-19-1410.

**is** a conviction for purposes of sentencing under S.C. Code § 17-25-45(C)(3) (defining a conviction as any conviction, guilty plea, or plea of nolo contendere)." (emphasis in original)).[4]

The South Carolina Code similarly distinguishes juvenile adjudications in family court from adult convictions in general sessions court. For example, the South Carolina Children's Code provides:

> If a child fourteen years of age or older is charged with an offense which, if committed by an adult, provides for a term of imprisonment of ten years or more and the child previously has been **adjudicated delinquent in family court** or **convicted in circuit court** . . . the court . . . may bind over the child for proper criminal proceedings to a court which would have trial jurisdiction of the offense if committed by an adult.

S.C. Code § 63-19-1210(10) (emphasis supplied); *see also* § 63-19-1210(7) ("Once the family court relinquishes its jurisdiction over the child and the child is bound over to **be treated as an adult**, Section 63-19-2020 dealing with the confidentiality of identity and fingerprints does not apply." (emphasis supplied)).

The phrase "adjudicated delinquent" thus has a different connotation than the word "convicted" under South Carolina law. This accords with common practice: juveniles are adjudicated delinquent and receive care and treatment or supervision from the Department

---

[4] S.C. Code § 17-25-45 is a recidivist statute, commonly referred to as the "Two-Strikes Law," that imposes mandatory enhanced sentences where the defendant has one or more previous convictions for certain serious offenses. S.C. Code § 17-25-45; *see, e.g, Standard*, 569 S.E.2d at 327–28.

of Juvenile Justice, *see* S.C. Code § 63-19-1410(A)(3), whereas adults are convicted and sentenced and supervised by the Department of Corrections, *see* S.C. Code § 24-19-10(a).

The language in the South Carolina Code associating family court proceedings with juvenile adjudications and relinquishing protections afforded to children once a child is "bound over to be treated as an adult" in general sessions court, taken together with the use of the words *conviction* and *sentence* in the YOA, clearly demonstrate that the YOA is primarily a sentencing statute for a particular group of offenders *convicted as adults*. *See Ceasar v. Padula*, No. C/A 0:10-0486-MBS, 2011 WL 589843, at *6 (D.S.C. Feb. 10, 2011) ("South Carolina's Youthful Offender Act . . . affords flexibility in sentencing 'youthful offenders' charged in or transferred to the general circuit court. Accordingly, if Petitioner received a sentence under the Youthful Offender Act then, by definition, he was not adjudicated as a 'juvenile' . . . ." (internal citation omitted)), *aff'd in part, dismissed in part*, 455 F. App'x 317 (4th Cir. 2011) (per curiam).

Indeed, under the YOA, courts retain discretion to "sentence the youthful offender under any *other* applicable penalty provision." S.C. Code § 24-19-50(4) (emphasis supplied); *see also United States v. Williams*, 508 F.3d 724, 727 (4th Cir. 2007) ("The YOA does not require that South Carolina courts sentence youthful offenders under § 24-19-50. Rather, it gives courts the option to do so."). The discretion to sentence youthful offenders pursuant to other penalty provisions applicable to all persons convicted of adult offenses further demonstrates that South Carolina "classifies" "youthful offender convictions" as

"adult convictions," but affords youthful offenders certain sentencing benefits due to their age, which is perfectly reasonable.[5]

Appellant's arguments to the contrary are unavailing. Appellant founds his arguments on South Carolina cases that either predate the *Standard* decision or that are distinguishable, and on non-precedential federal cases. For example, Appellant relies heavily on *Gay v. Ariail*, 673 S.E.2d 418 (S.C. 2009), in which the South Carolina Supreme Court clarified the scope of a statute providing youthful offenders with the right to apply for expungement. Specifically, it held that a youthful offender was eligible to apply for expungement even if the court imposed a sentence "outside" of the YOA (i.e., a sentence under a penalty provision other than the YOA). *Id.* at 420. But, contrary to Appellant's contention, the fact that South Carolina provides youthful offenders with distinct opportunities for expungement does not mean that "youthful offender convictions" are not "adult convictions." Indeed, under South Carolina law, one must be an adult (or treated as one) to be *convicted* in the first place. In other words, unlike adults convicted of a crime, juveniles adjudicated delinquent have no record to expunge.

Further, the non-precedential federal cases Appellant relies upon, including *United States v. English*, 173 F.3d 852 (4th Cir. 1999) (unpublished table decision), 1999 WL 123556, turn on the premise that South Carolina does not "classify" "youthful offender

---

[5] *See, e.g.*, *Gay v. Ariail*, 673 S.E.2d 418, 421 (S.C. 2009) ("We find the Legislature . . . reasonably concluded that persons who had been convicted of non-violent, misdemeanor offenses at a young age (between 17–25), and who had committed no subsequent offenses over the course of the next fifteen years, were entitled to be considered for an expungement.").

9

convictions" as either adult or juvenile. But, as explained above, the *Standard* decision and a close review of the South Carolina Code demonstrate that South Carolina does, in fact, "classify" "youthful offender convictions" as "adult convictions." And the classification of "the laws of the jurisdiction in which the defendant was convicted" controls. U.S.S.G. § 2K2.1 cmt. n.1; *see also United States v. McGhee*, 651 F.3d 153, 157 (1st Cir. 2011) (declining to rely on "solely objective criteria, framed by the federal courts" to determine whether a youthful offender was convicted as an adult because the language in the Commentary focusing on how the jurisdiction of conviction classifies the conviction "undermin[es] any presumption in favor of a federal standard that disregards state labels.").

In sum, we hold that the district court properly applied U.S.S.G. § 2K2.1(a)(3) when sentencing Appellant.

IV.

For the foregoing reasons, the district court's judgment is

*AFFIRMED.*[6]

---

[6] Appellant's motion for summary disposition is denied as moot.