**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 18-4738**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL MONTRAY FRINK, a/k/a Big Mookie,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:18-cr-00033-BO-1)

─────────────

Submitted:  January 31, 2022                        Decided:  March 25, 2022

─────────────

Before HARRIS, RICHARDSON, and RUSHING, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Laura E. Beaver, THE BEAVER LAW FIRM, Raleigh, North Carolina, for Appellant.  Robert H. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Montray Frink pled guilty, without a written plea agreement, to possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). The district court sentenced Frink to a total term of 117 months' imprisonment and 5 years' supervised release. Counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal but questioning whether Frink's guilty plea to Count 3 was supported by a sufficient factual basis. Although advised of his right to file a supplemental pro se brief, Frink did not do so. The Government declined to file a response brief. After conducting our *Anders* review, we ordered supplemental briefing to address the nonfrivolous issue of whether the district court adequately explained the chosen sentence.[1]

---

[1] Shortly after we entered the supplemental briefing order, the Supreme Court issued *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm"). In light of the possibility that *Rehaif* would impact the validity of Frink's guilty plea to Count 2, this case was placed in abeyance pending a decision in *United States v. Sitton*, No. 18-4831, which we anticipated would provide further guidance on the impact of *Rehaif*. We recently decided *Sitton* without addressing *Rehaif*. *United States v. Sitton*, 21 F.4th 873 (4th Cir. 2022). Nevertheless, in light of *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021), and *United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021), our review of the record reveals no nonfrivolous *Rehaif* challenge to Frink's conviction.

We turn first to appellate counsel's initial claim that Frink's guilty plea to Count 3 might not have been supported by a sufficient factual basis. Because Frink did not seek to withdraw his guilty plea in the district court, we review this claim for plain error. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). To sustain a conviction under § 924(c), the evidence must indicate "that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002). "[T]here are many factors that might lead a fact finder to conclude that a connection existed between a defendant's possession of a firearm and his drug trafficking activity," including:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.* (internal quotation marks omitted).

Here, as Frink acknowledged in his *Anders* brief, the firearms were stolen, easily accessible, and illegally possessed. Moreover, agents found the firearms in Frink's residence in close proximity to drugs, drug paraphernalia, and large amounts of cash shortly after Frink sold heroin out of the same residence. Accordingly, the district court did not plainly err in concluding that Frink possessed the firearms in furtherance of a drug trafficking crime. *See, e.g.*, *United States v. Snow*, 462 F.3d 55, 63 (2d Cir. 2006); *United States v. Luciano*, 329 F.3d 1, 6 (1st Cir. 2003).

We turn next to the validity of Frink's sentence. As noted above, our supplemental briefing order, entered on June 19, 2019, directed the parties to address "whether the district

3

court adequately explained the chosen sentence." The parties complied and filed supplemental briefs limited to that issue. After the supplemental briefs were filed, however, this court decided *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020), which established that "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." A review of the record reveals that, at the sentencing hearing in this case, the only condition of release announced by the district court was that Frink could not violate any federal, state, or local laws during his period of supervision. However, in Frink's written judgment, the district court imposed 13 standard conditions and 4 special conditions of supervision, none of which was announced or even alluded to at sentencing. This inconsistency runs afoul of *Rogers*.[2]

The remedy for a *Rogers* error "is to vacate the sentence and remand for the district court to resentence" the defendant. *United States v. Singletary*, 984 F.3d 341, 346 (4th Cir. 2021); *see also id.* at 346 n.4 (rejecting contention that vacatur should be limited to supervised release portion of defendant's sentence). Accordingly, we need not address the procedural sentencing issue discussed in the parties' supplemental briefs. *See id.* at 344. In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore affirm Frink's convictions, vacate his sentence, and remand for resentencing.

---

[2] We recognize that the district court did not have the benefit of our decision in *Rogers* at the time of Frink's sentencing.

4

This court requires that counsel inform Frink, in writing, of the right to petition the Supreme Court of the United States for further review. If Frink requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Frink.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*