**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4120

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DENNIS JAMES DEFRANCO,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:18-cr-00207-CCE-1)

Submitted:  June 30, 2022                                      Decided:  July 27, 2022

Before RICHARDSON and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** William Stimson Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  JoAnna Gibson McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis James DeFranco pled guilty, pursuant to a written plea agreement, to possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to 90 months of imprisonment. DeFranco's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but challenging the reasonableness of DeFranco's sentence. DeFranco has not filed a pro se supplemental brief despite being notified of his right to do so. The Government did not file a brief. Finding no error, we affirm.

After DeFranco filed his notice of appeal, the Supreme Court issued its decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm"). In light of the possibility that *Rehaif* would impact the validity of DeFranco's guilty plea, this case was held in abeyance pending a decision in *United States v. Sitton*, No. 18-4831. We recently decided *Sitton* without addressing *Rehaif*. *United States v. Sitton*, 21 F.4th 873 (4th Cir. 2022). Nevertheless, in light of the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021), our review of the record reveals no nonfrivolous *Rehaif* challenge to DeFranco's conviction.

We turn next to DeFranco's challenge to the reasonableness of his sentence. We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v.*

2

*United States*, 552 U.S. 38, 41 (2007). Before assessing substantive reasonableness, we must first determine whether the sentence is procedurally reasonable. *See United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020). A district court commits procedural error "by failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Ventura*, 864 F.3d 301, 308 (4th Cir. 2017) (cleaned up). "In reviewing whether a sentencing court properly calculated the Guidelines range, we review the [district] court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018).

Under the second prong, when reviewing the substantive reasonableness of a sentence, we "must examine the totality of the circumstances . . . to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Mills*, 917 F.3d 324, 331 (4th Cir. 2019) (cleaned up). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

DeFranco does not allege that the district court committed procedural error, and our review of the record reveals that the district court correctly calculated the Guidelines range, ruled on the parties' objections, considered the parties' sentencing arguments, properly weighed the 18 U.S.C. § 3553(a) factors, adequately explained its sentence, and did not rely on any impermissible factors in imposing the sentence. As for substantive

3

reasonableness, the district court considered the fact that only six of the firearms attributed to DeFranco were functional, that DeFranco did not use the firearms to commit any other crimes, and that a sentence within the Sentencing Guidelines range would be significantly longer than any sentence DeFranco had previously served. However, the court found a within-Guidelines-range sentence to be appropriate given the need for specific deterrence in this case. Nothing in the record rebuts the presumption of reasonableness afforded DeFranco's within-Guidelines-range sentence. *See Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform DeFranco, in writing, of the right to petition the Supreme Court of the United States for further review. If DeFranco requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on DeFranco.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*