**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 18-4177**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANK LIVINGSTON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:17-cr-00109-MOC-DCK-1)

---

Submitted:  January 11, 2023                              Decided:  January 13, 2023

---

Before AGEE and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Livingston pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court determined that Livingston had sustained at least three prior convictions for violent felonies or serious drug offenses and sentenced him pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to 180 months' imprisonment. On appeal, Livingston's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Although informed of his right to file a pro se supplemental brief, Livingston has not done so. The Government has declined to file a response. We affirm.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines the defendant understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, although the magistrate judge failed to explicitly advise Livingston that his right to counsel extended to every stage of the criminal process and that the court was obligated to impose a special assessment, *cf.* Fed. R. Crim. P. 11(b)(1)(D), (L), nothing in the record suggests that these minor errors affected Livingston's decision to plead guilty, and Livingston was ultimately sentenced to the 180-month sentence agreed

2

upon in the parties' plea agreement. We therefore conclude that Livingston entered his plea knowingly and voluntarily, and that a factual basis supported the plea.* *See DeFusco*, 949 F.2d at 116, 119-20.

In accordance with *Anders*, we have reviewed the record in its entirety and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Livingston, in writing, of the right to petition the Supreme Court of the United States for further review. If Livingston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Livingston.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* In *Rehaif v. United States*, the Supreme Court held that a § 922(g) offense requires the Government to prove both that the defendant knew he possessed a firearm and that he knew of his prohibited status. 139 S. Ct. 2191, 2200 (2019). This case was previously held in abeyance for *United States v. Sitton*, 21 F.4th 873 (4th Cir. 2022), which was expected to address the impact of *Rehaif* on the validity of a § 922(g) conviction following a guilty plea. The Supreme Court has since held that "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021); *see United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021) (clarifying that *Rehaif* does not require Government to prove defendant knew his possession of a firearm was prohibited, but only that he knew his status as a felon). In light of Livingston's acknowledgement during his plea colloquy that he previously had been convicted of a felony, we find no plain *Rehaif* error in the magistrate judge's acceptance of Livingston's guilty plea.

3