**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4801

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN WILLIAM NOWELL, a/k/a Shoota,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00015-D-1)

Submitted:  December 22, 2022                    Decided:  February 2, 2023

Before KING and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** Joseph L. Bell, Jr., BATTS, BATTS & BELL, LLP, Rocky Mount, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven William Nowell pled guilty, pursuant to a written plea agreement, to distributing and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Nowell within the Sentencing Guidelines range to 180 months' imprisonment followed by 3 years' supervised release. On appeal, Nowell's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in classifying Nowell as a career offender and whether his sentence was substantively reasonable. Although informed of his right to do so, Nowell has not filed a pro se supplemental brief. The Government moved to dismiss Nowell's appeal as barred by the appeal waiver contained in his plea agreement. We deny the Government's motion to dismiss, affirm Nowell's convictions, vacate his sentence, and remand for resentencing.[1]

In imposing Nowell's supervised release conditions, the district court failed to announce two discretionary conditions of supervised release that it ultimately included in the written judgment. The district court stated that Nowell would be expected to "comply

---

[1] We previously held this case in abeyance pending our decision in No. 18-4831, *United States v. Sitton*, which we anticipated would provide further guidance on the impact of the Supreme Court's intervening decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), on Nowell's guilty plea. We recently decided *Sitton* without addressing *Rehaif*. *See United States v. Sitton*, 21 F.4th 873 (4th Cir. 2022). Nevertheless, in light of *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021), and *United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021), our review of the record reveals no nonfrivolous *Rehaif* challenge to Nowell's § 922(g) conviction.

with the standard conditions" as well as certain "additional conditions" of supervised release. However, the district court did not announce two additional terms providing that Nowell "shall not incur new credit charges or open additional lines of credit without approval of the probation office" and that he "shall provide the probation office with access to any requested financial information."[2]

A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. In *United States v. Singletary*, we explained that a challenge to discretionary supervised release terms that were not orally pronounced at sentencing falls outside the scope of an appeal waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have not been 'imposed' on the defendant." 984 F.3d 341, 345 (4th Cir. 2021). In situations such as Nowell's, where the district court fails to announce or otherwise incorporate the discretionary conditions of supervised release, the appropriate remedy is to vacate the entire sentence and remand for a full resentencing

---

[2] The Eastern District of North Carolina adopted a standing order specifying standard conditions of supervised release that included these two conditions. *See In re Mandatory and Standard Conditions of Probation and Supervised Release*, 20-SO-8 (E.D.N.C. June 25, 2020), *available at* http://www.nced.uscourts.gov/data/StandingOrders/20-SO-8.pdf. However, that order had not yet been adopted at the time of Nowell's October 16, 2018, sentencing.

hearing. *See id.* at 346 & n.4. Thus, we deny the Government's motion to dismiss, and we vacate and remand for resentencing.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We affirm Nowell's convictions, but we vacate his sentence and remand for resentencing. This court requires that counsel inform Nowell, in writing, of the right to petition the Supreme Court of the United States for further review. If Nowell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nowell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*